UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RYAN C. PAJARILLAGA, on behalf of himself and all other plaintiffs similarly situated, known and unknown,** | ) ) ) | |
| | ) | **Case No. 1:17-cv-04204** |
| **Plaintiffs,** | ) ) | |
| | ) | **Judge Ronald A. Guzman** |
| **v.** | ) ) | |
| | ) | **Magistrate Judge Maria Valdez** |
| **WARREN BARR LIVING & REHAB CENTER, LLC,** | ) ) ) | |
| **Defendant.** | ) ) | |

**DEFENDANT'S MOTION FOR COURT APPROVAL OF
SETTLEMENT AGREEMENT AND RELEASE**

Defendant Warren Barr Living & Rehab Center, LLC ("defendant" or "WBGC") seeks court approval of the Settlement Agreement and Release ("Agreement") entered into with Plaintiff Ryan C. Pajarillaga ("plaintiff" or "Pajarillaga") (collectively, the "Parties"). This lawsuit asserts individual and putative class and collective action claims against defendant for alleged violations of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL"). The terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the Parties. In support of its Motion, defendant states as follows:

1.  On June 2, 2017, Pajarillaga filed this lawsuit alleging that defendant violated the FLSA and IMWL. Specifically, Pajarillaga pled that he and other similarly situated nurses were entitled to overtime because he had allegedly not received overtime for all time worked in excess of 40 hours per week during the three-year statute of limitations period. *See* 29 U.S.C. §255(a). Defendant denied these allegations and asserted that Pajarillaga had been appropriately paid at all points in time.

2.      The Parties have engaged in both informal and formal written discovery and document productions.  Relatively early in the matter, the Parties agreed to engage in informal discovery to see if this matter would move forward or could be resolved.  As part of that process, defendant provided substantive information and records that it asserted showed that plaintiff was properly paid at all points in time.  Throughout this process, the Parties discussed the facts and the shared information, which led to multiple rounds of settlement negotiations.  Ultimately, the parties reached a settlement as set forth in Exhibit A.

3.      Defendant now requests this Court to review and approve the Agreement.[1]  *See Roberts v. Apple Sauce, Inc.*, No. 12-CV-830-TLS, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014) (court approval of FLSA settlement agreement); *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F.Supp.3d 960 (N.D. Ill. May 13, 2016) (court approval of FLSA agreement), *citing Paredes v. Monsanto Co.*, No. 4:15-CV-088 JD, 2016 WL 1555649, at *1 (N.D. Ind. Apr. 18, 2016); *Adams v. Walgreen Co.*, No. 14-CV-1208-JPS, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015); *Hernandez v. PeopleScout, Inc.*, No. 12 C 1228, 2012 WL 3069495, at *3 (N.D. Ill. July 24, 2012).

4.      The Agreement is the product of arm's-length negotiations by plaintiff and defendant with both sides represented by experienced counsel throughout the proceedings.  It provides relief to Pajarillaga and eliminates the inherent risks the Parties would bear if this litigation were to continue.  Given these circumstances, a presumption of fairness should attach to the proposed settlement.  *See, e.g., Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354-55 (11th Cir. 1982) (to approve FLSA settlement, district court must conclude that it fairly and

---

[1]  Defendant provided a draft of this motion to plaintiff prior to filing.  Plaintiff takes no position on this motion for approval but agrees that the Parties have reached a resolution of this matter.  Plaintiff communicated the fact of the Parties' settlement in writing to the Court's deputy clerk on December 18, 2017, which is reflected in ECF No. 28.

reasonably resolves a *bona fide* wage dispute and that the lawsuit provided the necessary adversarial context to protect the employee's interests from employer overreaching); *Ladegaard v. Hard Rock Concrete Cutters, Inc.,* No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 9, 2001).

5.      For all of these reasons, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

WHEREFORE, defendant Warren Barr Living & Rehab Center, LLC respectfully requests that this Court approve the Parties' negotiated Agreement and dismiss all of plaintiff Ryan C. Pajarillaga's claims in this lawsuit with prejudice, with each party to bear its own fees and costs in accordance with the Agreement.

Dated:  January 12, 2018                              Respectfully submitted,

/s/  Anne E. Larson

Anne E. Larson
Harry J. Secaras
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL  60606
312.558.1220
anne.larson@ogletree.com
harry.secaras@ogletree.com

Michael D. Ray
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
201 S. College Street, Suite 2300
Charlotte, North Carolina 28244
704.342.2588
michael.ray@ogletree.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on January 12, 2018, she electronically filed the foregoing **Defendant's Motion for Court Approval of Settlement Agreement and Release** with the Clerk of Court using the ECF system, which sent notification of the filing to:

John Billhorn
**BILLHORN LAW FIRM**
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
jbillhorn@billhornlaw.com
jodi@billhornlaw.com

*Attorney for Plaintiff*

/s/ Anne E. Larson
One of the Attorneys for Defendant

32507578.2